Citation Nr: 1448549 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 12-04 977A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUES

1. Entitlement to service connection for a left ankle disorder.

2. Entitlement to service connection for a right ankle disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Shamil Patel, Counsel



INTRODUCTION

The Veteran had active service from June 1986 to January 1989.

He appealed to the Board of Veterans' Appeals (Board/BVA) from a January 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), which determined there was not new and material evidence to reopen his previously-denied claims of entitlement to service connection for left and right ankle disorders.

In August 2014, however, the Board reopened these claims. But rather than immediately readjudicating them on their underlying merits, the Board instead remanded them for further development. That additional development since has been completed, so these claims are again before the Board for further appellate consideration.

This appeal has been processed using the Veterans Benefits Management System (VBMS), so entirely electronically, to leverage information technology in order to more quickly and accurately decide these claims. Instead of paper, this is a highly secured electronic repository used to store and review every document involved in the claims process.

Note also this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

The arthritis in the Veteran's right ankle is the result of his military service, but not his left ankle disorder.



CONCLUSION OF LAW

The criteria are met for entitlement to service connection for the right ankle arthritis, but not also for the left ankle disorder. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5103, 5103A, 5107 (West 2002); 38 C.F.R. § 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Under the Veterans Claims Assistance Act (VCAA), when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate the claim, including apprising him of the information and evidence he is expected to provide versus that VA will obtain for him. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. With respect to the Veteran's claim for service connection for a right ankle condition, the Board is fully granting this claim, so there is no need to discuss whether there has been compliance with the VCAA's duty-to-notify-and-assist obligations because the Veteran is receiving the requested benefits, regardless, so even if assuming, for the sake of argument, there has not been compliance.

With respect to his left ankle claim, the Veteran was provided the required notice and information in an October 2011 letter, prior to the initial adjudication of his claim in December 2011, so in the preferred sequence. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). He has not alleged any notice deficiency during the processing and adjudication of this claim, certainly none that he and his representative consider unduly prejudicial - meaning necessarily outcome determinative of his claim. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009).


VA also has a duty to assist the Veteran in obtaining potentially relevant records and providing an examination or medical opinion when necessary to make a decision on a claim. This additional obligation does not apply if there is no reasonable possibility the assistance would aid in substantiating the claim. To this end, the Veteran's service treatment records (STRs), VA treatment records, and identified private treatment records have been obtained and associated with his claims file for consideration. 

The Veteran was also provided VA examinations that, collectively, contain a description of the history of the ankle disability at issue; document and consider the relevant medical facts and principles; and provide opinions regarding the etiology of this claimed condition - especially insofar as its purported relationship with his military service. VA's duty to assist with respect to obtaining relevant records and an examination thus has been met. 38 C.F.R. § 3.159(c); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Notably, in an October 2014 brief, the Veteran's representative argued that the August 2014 VA examination and opinion obtained in this case, on remand, is inadequate because it relies on the lack of documented ankle complaints in service without due consideration of the Veteran's statements (lay history) regarding his ankle problems in service. However, as discussed below, with respect to the left ankle, the only ankle being denied rather than granted, the Board finds that his report of problems with this ankle in service is not credible. While it is true that Barr held that VA must ensure the adequacy of any examination provided, even if not statutorily obligated to have provided it, one must also consider that it is equally true that VA is not obligated to provide an examination (or, here, additional examination or opinion) when it is determined the Veteran's recitation of his medical history is not credible. See Duenas v. Principi, 18 Vet. App. 512, 519 (2004). Where the Board makes a finding that lay evidence regarding an in-service event or injury is not credible, a VA examination is not required. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). This, in part, is because, even if additional comment was requested, the examiner would have to 

rely on this uncorroborated history, which in turn would undermine the probative value of the opinion since it necessarily would have to be predicated on injury or an event that otherwise has not been shown to actually have occurred. See Reonal v. Brown, 5 Vet. App. 458 (1993) (An opinion is only as good and credible as the history on which it was based).

II. Service Connection

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active military service in the line of duty. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Establishing entitlement to direct service connection generally requires having competent and credible evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a causal relationship, i.e., a nexus, between the disease or injury in service and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). See also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002).

The evidence in this case includes diagnoses of arthritis, which is a chronic condition according to 38 C.F.R. § 3.309(a). Claims for such chronic conditions benefit from a somewhat more relaxed evidentiary standard. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When a chronic disease is established during active service, then subsequent manifestations of the same chronic disease at any later date, however remote, will be entitled to service connection, unless clearly attributable to causes unrelated to service ("intercurrent causes"). 38 C.F.R. § 3.303(b). In order to establish the existence of a chronic disease in service, the evidence must show a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Id. Thus, the mere manifestation during service of potentially relevant symptoms (such as joint pain or abnormal heart action in claims for arthritis or heart disease, for example) does not establish a chronic disease at that time unless the identity of the disease is established and its chronicity may not be legitimately questioned. Id. If chronicity in service is not established, then a showing of continuity of symptoms after discharge is required to support the claim. Id.

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit Court) noted that the requirement of showing a continuity of symptomatology after service is a "second route by which a veteran can establish service connection for a chronic disease" under subsection 3.303(b). Walker, supra. Significantly, the Federal Circuit Court indicated that showing a continuity of symptomatology after service is a lesser evidentiary burden than the nexus requirement of the three-part test discussed above: "The primary difference between a chronic disease that qualifies for § 3.303(b) analysis, and one that must be tested under § 3.303(a), is that the latter must satisfy the "nexus" requirement of the three-element test, whereas the former benefits from presumptive service connection . . . or service connection via continuity of symptomatology." Id.

A. Right Ankle

The claims file reflects current diagnoses of right ankle degenerative changes (i.e., arthritis) and tenosynovitis of the right flexor hallucis longus tendon sheath. See June 2012 private treatment records; June 2012 VA treatment records. Therefore, element (1) for service connection has been met.

With respect to element (2), as noted above, the Veteran's period of active service began in June 1986. Prior to service, he underwent an enlistment examination in March 1986, which reflects no history or findings related to a right ankle disability. However, a written notation on the examination report indicates he had sprained his right ankle in April 1986, and that a reevaluation was believed to be justified. Nevertheless, an additional notation indicates the ankle ultimately was found to have been "OK" in June 1986.

The U. S. Court of Appeals for Veterans Claims (Court/CAVC) has held that the presumption of soundness applies if a Veteran's condition was not noted at entry into service. Quirin v. Shinseki, 22 Vet. App. 390, 394, 396 (2009). The Court cited to Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004), wherein the Federal Circuit Court had made clear that the only prerequisite for the application of the presumption of soundness is that the Veteran's entry examination have been free and clear of any noted disease or disabilities. Quirin, 22 Vet. App. at 396. In this case, the evidence essentially reflects a history of a right ankle sprain in April 1986, but with normal examination findings in June 1986, prior to the start of the Veteran's active service. Therefore, his right ankle is presumed to have been in sound condition at the beginning of his period of active service. Crowe v. Brown, 7 Vet. App. 238 (1994) (supporting medical evidence is needed to establish the presence of a pre-existing condition).

In this circumstance, the burden then falls on the government to rebut this presumption of soundness with clear and unmistakable evidence that the Veteran's disability was both preexisting and not aggravated by his service or, if aggravated, it was not beyond the condition's natural progression. See 38 U.S.C.A. § 1111 (West 2002); VAOPGCPREC 3-2003 (July 16, 2003) and Wagner, 370 F.3d 1089, at 1096. During a February 2013 VA examination, the Veteran acknowledged that he "still had a limp" when he entered basic training. However, the CAVC has held on multiple occasions that lay statements by a veteran concerning a preexisting condition, alone, are insufficient to rebut the presumption of soundness. See Crowe, supra; Paulson v. Brown, 7 Vet. App. 466, 470 (1995) (a lay person's account of what a physician may or may not have diagnosed is insufficient to support a conclusion that a disability preexisted service). The claims file does not include any additional evidence that clearly and unmistakably establishes that a right ankle disability preexisted service, and the presumption of sound condition resultantly remains intact.

The Veteran reported reinjuring his right ankle during his service. See October 2001 Application for Compensation; March 2012 Substantive Appeal (VA Form 9). His STRs include a May 1987 dental questionnaire noting a history of a right ankle sprain, though specific information regarding the injury, such as the date or circumstances, were not recorded. There are no additional entries in the STRs relating to a right ankle condition. The May 1987 report of a right ankle sprain lacks any information beyond the bare notation of the condition. However, the Board finds that, when all reasonable doubts are resolved in the Veteran's favor, this notation corroborates his account of sustaining and reporting a right ankle injury in service, and therefore element (2) of service connection has been met.

With respect to element (3), a nexus between the disease or injury in service and the current disability, the Veteran has asserted that he has experienced continuous right ankle symptomatology since his service. See May 2012 VA treatment records ("Patient reports that he has had chronic ankle pain ever since he fractured his ankle while in the service.:); June 2012 private treatment records ("The patient was seen today... for bilateral chronic ankle pain that has been present for many years."). As he reported this history to his treating physicians, the Board finds it to be credible. Rucker v. Brown, 10 Vet. App. 67, 73 (1997). In light of his diagnosis of right ankle arthritis, a chronic condition under 38 C.F.R. § 3.309(a), his credible assertion of a continuity of symptomatology is sufficient to establish service connection under the relaxed evidentiary standard of Walker.

The Board notes that VA opinions obtained in this case, including the most recent August 2014 opinion, do not relate the Veteran's current condition to his service. However, unlike the Board, these opinions did not accept his statements and the May 1987 notation as establishing a right ankle injury in service. Moreover, the VA opinions are also predicated on the absence of any degenerative changes (i.e., arthritis). However, as noted above, private treatment records from June 2012 reference x-ray findings of degenerative changes in the right ankle, and therefore arthritis has been established for the purposes of this claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the requirement that a claimant have a current disability before service connection may be awarded for that disability is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim). This reference to X-ray confirmation is sufficient to conclude the Veteran has arthritis in this ankle. 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5003. For these reasons, the Board assigns little probative weight to these opinions against his claim in assessing the etiology of his right ankle condition. Consequently, service connection for right ankle arthritis is granted.

B. Left Ankle

The Veteran has asserted that he also injured his left ankle in service. As discussed above, the Board has accepted a May 1987 notation of a right ankle sprain as an indication he reported such an injury in service. However, his STRs are unremarkable for any complaints, treatment, or diagnoses referable to his left ankle. Notably, the STRs also reflect complaints of a left knee sprain in November 1987 and shin splints in February 1988. He was also treated for a fracture of his right fifth metacarpal in December 1987. From these facts, the Board reasonably infers that he did not sustain a left ankle injury or experience left ankle symptomatology during his service, although he now contends otherwise. Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder."). If a left ankle disorder indeed had been present in service, then common sense leads to the conclusion that it would be documented alongside the other orthopedic conditions noted in service, particularly disabilities relating to the lower extremities, including the right ankle, left knee, and shins. See AZ v. Shinseki, 731 F.3d 1303, 1318 (Fed. Cir. 2013) (recognizing the widely-held view that the absence of an entry in a record may be considered evidence that the fact did not occur if it appears that the fact would have been recorded if present). Because the STRs document these similar complaints, but not complaints related to the left ankle in particular, the Board does not find the Veteran's assertions regarding a left ankle condition in service to be credible. Therefore, element (2) of service connection, in-service incurrence of a relevant disease or an injury, has not been met, and service connection for a left ankle disorder resultantly is not warranted.



ORDER

Service connection for right ankle arthritis is granted.

But service connection for a left ankle disorder conversely is denied.



____________________________________________
KEITH W. ALLEN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs