# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-2257

James A. Bardwell, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

(Decided August 17, 2010)

*Robert V. Chisholm*, of Providence, Rhode Island, was on the brief for the appellant.

*Pamela Nash*, with whom *Richard Mayerick*, Deputy Assistant General Counsel; *R.. Randall Campbell*, Assistant General Counsel; and *Will A. Gunn*, General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, LANCE, and DAVIS, *Judges.*

HAGEL, *Judge*: James A. Bardwell appeals through counsel a June 16, 2008, Board of Veterans' Appeals (Board) decision denying entitlement to VA benefits for a bilateral eye disability. Because VA was not required to provide medical examinations related to Mr. Bardwell's eye disabilities, the Court will affirm the June 16, 2008, Board decision.

## I. FACTS

Mr. Bardwell served on active duty in the U.S. Navy from November 1944 until January 1945. In March 2001, he submitted a claim for entitlement to VA benefits for in-service injuries to his eyes.

In February 2003, Mr. Bardwell testified at a VA regional office hearing that, while in service, he went through a training exercise that involved exposure to a chemical gas. He testified that his eyes were exposed to the chemical and that they started burning. Mr. Bardwell also testified that his eyesight began to deteriorate after this incident and that by 1978 he was no longer able to work due to vision problems.

In September 2004, the regional office requested that the National Personnel Records Center search for any records relating to Mr. Bardwell's exposure to gases or chemicals during his active duty. The Records Center responded that, after "an extensive and thorough" search, it had been unable to find any such records and concluded that the records either did not exist or that further efforts to locate them would be futile. Record (R.) at 247.

In March 2005, Mr. Bardwell submitted a medical opinion from a private ophthalmologist. The ophthalmologist concluded that Mr. Bardwell was legally blind and displayed nerve dysfunction that was "consistent with toxic retinopathy."[1] R. at 174. The doctor opined that Mr. Bardwell's legal blindness "appears associated with a gaseous chemical exposure." R. at 174.

In June 2008, the Board issued the decision on appeal, finding that Mr. Bardwell was not entitled to disability benefits for a bilateral eye disability. The Board acknowledged that Mr. Bardwell currently had defective vision in both eyes. However, it concluded that "[t]here is neither competent medical evidence indicating that [Mr. Bardwell's] eyes were harmed in any way during service, nor any treatment for a vision-related condition." R. at 17. The Board considered Mr. Bardwell's assertion that he was exposed to chemicals or gases in service and that these chemicals damaged his eyes. However, the Board determined that these assertions lacked credibility, given the lack of documentation of the incident in his records and the National Personnel Records Center's inability to verify the exposure. The Board wrote that it found it "incredible that the veteran would undergo undocumented chemical or gas testing or other exposure during his less than two-month tour of duty and his statements to the contrary are not convincing." *Id.* Accordingly, the Board found that there was no competent evidence of an in-service injury to Mr. Bardwell's eyes, and therefore found that the preponderance of the evidence was against a finding that his current eye disability was in any way related to his military service.

On appeal, Mr. Bardwell argues that VA failed to fulfill its duty to assist in developing his claim by obtaining a medical examination. Appellant's Brief (Br.) at 7-11.

---

[1] Retinopathy is retinitis, an inflamation of the retina. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1658-59 (31st ed. 2007).

In response, the Secretary asserts that VA was not obligated to provide a medical examination because the Board found that Mr. Bardwell's eyes were not injured in service, and this finding was not arbitrary, capricious, or an abuse of discretion. Secretary's Br. at 4-5.

In his reply brief, Mr. Bardwell argues that the Board failed to give due consideration to the place, type, and circumstances of his service, pursuant to 38 U.S.C. § 1154(a), when it found that he did not have an in-service eye injury. Appellant's Reply Br. at 1.

## II. ANALYSIS

Pursuant to 38 C.F.R. § 3.159(c)(4)(i) (2010), VA must provide a claimant a medical opinion or examination

> if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but:
>
>> (A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability;
>>
>> (B) Establishes that the veteran suffered an event, injury or disease in service, or has a disease or symptoms of a disease listed in [38 C.F.R.] § 3.309, § 3.313, § 3.316, and § 3.317 manifesting during an applicable presumptive period provided the claimant has the required service or triggering event to qualify for that presumption; and
>>
>> (C) Indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability.

*See also* 38 U.S.C. § 5103A(d)(2).

In *Duenas v. Principi*, the Court held that, when the Board considers whether a medical examination or opinion is necessary under section 5103A(d) and § 3.159(c)(4), it must provide a written statement of the reasons or bases for its conclusion, pursuant to 38 U.S.C. § 7104(d)(1), and that, absent a finding of nonprejudicial error, vacatur and remand is warranted where it fails to do so. 18 Vet.App. 512, 517-18 (2004) (citing *Tucker v. West*, 11 Vet.App. 369, 374 (1998)).

Additionally, the Court is required to reverse "a finding of material fact . . . if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4). "A factual finding 'is "clearly erroneous" when although

3

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, Mr. Bardwell argues that VA erred by failing to provide him with a medical examination pursuant to§ 3.159(c)(4)(i) because he satisfies that regulation's three criteria for an examination. He asserts that it is not disputed that he has a current eye disability. He asserts that his lay statements about exposure to gases during training are competent and credible evidence that there was an event or injury in service relating to his eye. Finally, he asserts that his private ophthalmologist's opinion is sufficient to indicate that his current disability may be linked to service.

The Court finds Mr. Bardwell's arguments unpersuasive. The Secretary must provide a medical examination when the information and evidence of record establishes that a claimant suffered an event, injury, or disease in service. 38 C.F.R. § 3.159(c)(4)(i)(B). The language of the regulation is clear that the evidence must, in fact, establish that an injury or event occurred in service. The first prong of § 3.159(c)(f)(i) requires that there be *competent* evidence of a current disability, while the third prong requires that there be an *indication* that the current disability relates to service. By contrast, the in-service event, injury, or disease prong does not qualify the quality of evidence necessary to meet its threshold: the evidence must establish that there was a disease, injury, or event in service. The determination as to whether there was an event, injury, or disease in service is a finding of fact for the Board that the Court reviews for clear error. *See* 38 U.S.C. § 7261(a)(4); *McLendon v. Nicholson*, 20 Vet.App. 79, 82 (2006).

In this case, the Secretary found that Mr. Bardwell's assertion that he was exposed to a gas or chemical in service lacked credibility. The Board found that there was no record of such an event in Mr. Bardwell's records and that it was unlikely that he would have been exposed to chemicals or gases without such an event being noted in his records. Thus, the Board found that Mr. Bardwell's account of such exposure was not credible and concluded that the event did not occur. Mr. Bardwell has not asserted that the Board clearly erred in finding that he was not exposed to gases or chemicals in service and therefore fails to carry his burden of establishing error. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that appellant has the burden of demonstrating error). Moreover, the Court finds no clear error in the Board's factual determination that Mr. Bardwell did not suffer an

event or injury that harmed his eyes during service. Because the Board did not err in finding that Mr. Bardwell's eyes did not undergo an event, injury, or disease in service, it was not obligated to consider whether he was entitled to a medical examination.

Mr. Bardwell asserts that the Board impermissibly rejected his lay evidence contrary to the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) holding in *Buchanan v. Nicholson*, 451 F.3d 1331, 1336 (Fed. Cir. 2006). In *Buchanan* the Federal Circuit held that the Board could not reject a veteran's lay evidence about an in-service medical condition *solely* because that incident was not reported in the veteran's service medical records. *Id.*

Mr. Bardwell's situation is distinguishable from *Buchanan*. In *Buchanan*, the Federal Circuit addressed a situation in which a claimant argued that he displayed medical symptoms in service that were not recorded in his service medical records. The Federal Circuit defined the issue before it as determining whether this Court had erred by requiring that "lay evidence of medical symptoms be accompanied by contemporaneous medical records." *Id.* at 1334. The Federal Circuit held that although "the lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran's lay evidence, the lack of such records does not, in and of itself, render lay evidence not credible." *Id.* at 1336. Congress has already afforded lay evidence the benefit of a special presumption conferred on veterans who "engaged in combat with the enemy" in 38 U.S.C. § 1154(b). That provision provides that veterans who engaged in combat with the enemy can prove that a disease or injury was incurred or aggravated in service by lay evidence alone. Here, Mr. Bardwell invites the Court to hold that a veteran's lay evidence that *any* event occurred must be accepted unless affirmative documentary evidence provides otherwise. Congress has indicated that it did not intend to confer such special status on the lay statements of non-combat veterans. *See* 38 U.S.C. § 1154(b). Rather, as in all cases, a non-combat veteran's lay statements must be weighed against other evidence, including the absence of military records supporting the veteran's lay assertions. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995) (holding that the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table). Accordingly, we conclude that the Board did not err by rejecting Mr. Bardwell's lay evidence that he was exposed to

5

gases or chemicals during his less than two-month tour of duty on the basis that such exposure is not documented in his personnel records. It is for the Board to weigh the evidence before it in the first instance. *Washington v. Nicholson*, 19 Vet.App. 362 (2006) (holding that it is the Board's responsibility to determine the appropriate weight to be given to evidence).

Finally, Mr. Bardwell argues that the Board failed to account for the "places, types, and circumstances" of his service pursuant to 38 U.S.C. § 1154(a) when it found that his lay evidence lacked credibility. Contrary to Mr. Bardwell's assertion, however, the Board did consider the circumstances of Mr. Bardwell's service, but found it "incredible that [he] would undergo undocumented chemical or gas testing or other exposure during his less than two[-]month tour of duty." R. at 17. This statement demonstrates that the Board considered his service, but found that even at the time of his service, training exposure to gases or chemicals would be documented in personnel records. Accordingly, the Court finds that the Board properly accounted for the place, type, and circumstances of Mr. Bardwell's service.

## III. CONCLUSION

On consideration of the foregoing, the June 16, 2008, Board decision is AFFIRMED.