Citation Nr: 1513786 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 12-34 519 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss disability.

2. Entitlement to service connection for residuals of a deviated septum.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel



INTRODUCTION

The Veteran served on active duty from September 1964 to August 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas. 

Other than VA treatment records considered by the RO in the November 2012 Statement of the Case, documents in the Virtual VA claims file are duplicative of those in the paper claims file. Other than the informal hearing presentation, documents in the Veterans Benefits Management System are duplicative of those in the Virtual VA and paper claims files.


FINDINGS OF FACT

1. As the evidence is in equipoise, bilateral hearing loss disability is attributable to service. 

2. A deviated septum was not manifest in service and is not attributable to service. 


CONCLUSIONS OF LAW

1. Bilateral hearing loss disability was incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014).

3. A deviated septum was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1101, 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The United States Court of Appeals for Veterans Claims (Court) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability.

In this case, the agency of original jurisdiction (AOJ) issued a notice letter, dated in February 2012, to the Veteran. This letter explained the evidence needed to substantiate the claims for service connection, as well the legal criteria for entitlement to such benefits. The letter also informed him of his and VA's respective duties for obtaining evidence. The AOJ decision that is the basis of this appeal was decided after the issuance of an initial, appropriate VCAA notice. As such, there was no defect with respect to timing of the VCAA notice. See Pelegrini v. Principi, 18 Vet. App. 112 (2004).

VA also has a duty to assist a veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a Federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

The claims file contains the Veteran's available service treatment records, reports of post-service treatment, and the Veteran's own statements in support of his claims. The Veteran was afforded a VA examination responsive to the claim for service connection of bilateral hearing loss disability. McClendon v. Nicholson, 20 Vet. App. 79 (2006). The opinion was conducted by a medical professional, following thorough examination of the Veteran, solicitation of history, and review of the claims file.

No examination or nexus opinion is required regarding the claim for service connection of residuals of a deviated septum, as the weight of the evidence demonstrates no related injury, disease, or event during service; therefore, no examination or nexus opinion is required, and any opinion would be speculative, as there is no injury, disease, or event during service to which such a currently diagnosed disorder could be related. For these reasons, a remand to provide the Veteran with a medical examination and/or obtain a medical opinion is not required with respect to this claim for service connection. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). 

The Board has reviewed the Veteran's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the Veteran's claims. For these reasons, the Board finds that the VCAA duties to notify and assist have been met.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2014). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 
Service connection may be granted for any disease initially diagnosed after service when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. As organic diseases of the nervous system are chronic diseases for VA compensation purposes, if chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The threshold for normal hearing is from 0 to 20 decibels. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Based on the evidence of record, the Veteran's claims of service connection for bilateral hearing loss disability and residuals of a deviated septum must be denied. In this case, there is no evidence of bilateral hearing loss disability and residuals of a deviated septum during service or for many years thereafter. 38 U.S.C.A. §§ 1110, 1112. 

The Board acknowledges that the Veteran's DD Form 214 indicates that his military occupational specialty was basic field artillery. The Board observes that the Veteran's DD Form 214 also shows that he had service in Europe. The Veteran does not allege, and the record does not show, that the Veteran had combat exposure during service. See 38 U.S.C.A. § 1154(a); 38 C.F.R. § 3.303(a). The Veteran alleges, however, that he had noise exposure related to his work as a mechanic while in service.

The Board notes that, prior to November 1, 1967, service department audiometric test results were reported in standards set forth by the American Standards Association (ASA). Since November 1, 1967, those standards have been set by the International Standards Organization (ISO)-American National Standards Institute (ANSI). In order to facilitate data comparison in this decision, for service department audiometric test results through October 31, 1967, the ASA standards have been converted to ISO-ANSI standards. 

The Veteran's service treatment records do not show any treatment for, complaints of, or diagnoses related to bilateral hearing loss or a deviated septum. At separation, the Veteran denied experiencing nose or ear trouble. Contemporaneous clinical evaluation showed normal sinuses and nose, internal and external ear canals, and normal ear drums; audiological testing showed hearing was within normal limits. In short, the evidence fails to establish the presence of pathology during service; bilateral hearing loss disability was not noted, identified or diagnosed during service. In addition, there is nothing to suggest that there were characteristic manifestations sufficient to identify the disease process during service. 38 C.F.R. § 3.303(b).

The Veteran is competent to report that he has bilateral hearing loss disability and a deviated septum, as such is documented after service; a March 2012 VA examination report confirms that he meets the criteria for hearing loss disability in accordance with 38 C.F.R. § 3.385. He is also competent to report that he had noise exposure and a broken nose during service. However, his statements, even if accepted as credible, do not establish a nexus to service. The Board observes that none of the Veteran's treating providers found a relationship between the Veteran's residuals of a deviated septum and his service. To the contrary, VA treatment records reflect that the Veteran was first noted as having a deviated septum, status-post 2 septoplasties, in 1998 and that, in 2004, he reported 24 year history of a deviated septum. An October 2004 VA treatment record associated the deviated septum with allergic rhinitis and sleep apnea. See Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

The March 2012 VA examination report shows that the Veteran's MOS was highly probable for acoustic trauma and that there was military noise exposure followed by civilian noise exposure. The VA examiner reported that that there was no hearing loss during service or at separation and the Veteran reported hearing problems for the past 25 years. Thus, the examiner opined that the Veteran's hearing loss is not related to service. In contrast, a September 2012 letter from Hometown Hearing and Audiology indicates that the Veteran reported a history of noise exposure during service in the military, while working as mechanic, and that the audiologist opined that the Veteran's hearing loss is related to military noise exposure and may have worsened as a civilian. 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994). 

To the extent that there are lay opinions, including those of the Veteran, linking the bilateral hearing loss disability to an in-service event or illness, the Board finds that the probative value of the general lay assertions are competent. see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Here, there is positive and negative evidence regarding the Veteran's claim for bilateral hearing loss disability. The VA examiner, although noting military acoustic trauma was possible, did not address the possibility of military noise exposure being worsened or aggravated by civilian exposure as did the private examiner. Thus, the Board finds that the evidence is in equipoise. Thus, service connection is granted for bilateral hearing loss disability.

To the extent that the Veteran links his residuals of a deviated septum to an event or illness during his service, the Board finds that the probative value of the general lay assertions are outweighed by the clinical evidence of record, which is entitled to greater probative weight. In this regard, the Board points out that the Veteran asserts that his deviated septum is due to having his nose broken on multiple occasions during service; however, no such injury is shown in his service treatment records. Similarly, although VA treatment records from 1968 are unavailable, a VA Form 10-7131 indicates that the Veteran was treated for a deviated septum in August 1968; interestingly, however, the Veteran did not assert that it was related to service or file a claim for service connection at that time. See Madden v. Gober, 125 F.3d 1477, 1481 (1997). 

In sum, there is no reliable evidence linking the Veteran's residuals of a deviated septum to service. In reaching this determination, the Board acknowledges that the Veteran has residuals of a deviated septum. However, the more probative evidence establishes post-service causes (allergic rhinitis) and this evidence is more reliable than his assertion of continuity. In addition, the report of continuity is inconsistent with the normal findings during service and the absence of complaints until 1968 (deviated septum). Here, we are faced with objective medical evidence rather than a silent record. 

For the foregoing reasons, the preponderance of the evidence is against the claim for service connection for residuals of a deviated septum. The benefit-of-the-doubt doctrine is therefore not for application, and the claims must be denied. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; see also Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009).


ORDER

Service connection for bilateral hearing loss disability is granted

Service connection for residuals of a deviated septum is denied. 


____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs