﻿Citation Nr: AXXXXXXXX
Decision Date: 06/26/19 Archive Date: 06/26/19

DOCKET NO. 190213-2048
DATE: June 26, 2019

ORDER

Entitlement to service connection for hemorrhoids is denied.

Entitlement to service connection for a rectum and anus condition is denied.

Entitlement to service connection for obstructive sleep apnea is denied.

REMANDED

Entitlement to service connection for a back disability, to include chronic back strain, is remanded.

Entitlement to service connection for headaches is remanded.

Entitlement to service connection for a right knee disability, to include right knee strain, is remanded.

FINDINGS OF FACT

1. Hemorrhoids did not manifest in service and are not otherwise related to service. 

2. A rectum and anus condition did not manifest in service and is not otherwise related to service. 

3. Obstructive sleep apnea did not manifest in service and is not otherwise related to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for hemorrhoids are not met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for a rectum and anus condition are not met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for sleep apnea are not met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service to include the period from May 1984 to February 1986. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted a RAMP election form on July 3, 2018. A November 2018 email acknowledges that the Veteran requested an informal conference in the RAMP Appeal. In December 2018 the Regional Office (RO) sent a follow-up email and requested a reply by close of business. The evidence does not show that the Veteran replied. 

Accordingly, a December 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. In February 2019 the Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

By way of history, prior to the Veteran’s submission of the July 2018 RAMP election form, the Regional Office (RO) in a rating decision in August 2014 denied the Veteran’s claims of entitlement to service connection for chronic back strain, right knee strain, sleep apnea, and headaches. In December 2014 the Veteran requested reconsideration of the denials of these claims. He also filed new claims of entitlement to service connection for a rectum anus condition and hemorrhoids. The RO in a May 2015 rating decision denied the Veteran’s claims of entitlement to service connection for a rectum/anus condition; hemorrhoids; and confirmed and continued the previous denials of service connection for chronic back strain, sleep apnea, headaches, and right knee strain as secondary to the service-connected left knee disability. Later that same month, on May 20, 2015, the Veteran’s notice of disagreement (NOD) with the May 2015 rating decision was received. In essence, the May 2015 NOD is timely not only with respect to the May 2015 rating decision that reconsidered the denied claims but also with the August 2014 rating decision that denied the claims. Thus, the matter of whether new and relevant evidence was submitted regarding the service connection claims that were denied in the August 2014 rating decision need not be addressed. 

The Board also notes that a May 2006 Statement of the Case (SOC) and a January 2006 Supplemental Statement of the Case (SSOC) on the issue of entitlement to service connection for a bilateral knee disability were issued in error as indicated in a January 2007 deferred rating decision as only the issue of service connection for a left knee disability was on appeal at that time. 

Issues 1-3: Entitlement to service connection for hemorrhoids, a rectum and anus condition, and obstructive sleep apnea.

The Veteran in his May 2015 notice of disagreement contends that his hemorrhoids, rectum and anus condition, and obstructive sleep apnea are due to service. As for the service connection claims for hemorrhoids and rectum and anus condition, the Veteran contends that his hemorrhoids and rectum and anus condition are due to constant driving during service in Germany in a military vehicle. As for the claim of service connection for sleep apnea, the Veteran contends that his symptoms began in service. He submitted a statement from a fellow serviceman dated in June 2014 indicating that during service the Veteran told him he could only sleep about four to five hours. That same month he also submitted a statement from a friend who stated that the Veteran sent her a letter during service indicating that he had problems sleeping. In August 2014 the Veteran also stated that in March 1987 he had insomnia for several days and was treated at the county hospital. 

The AOJ found that the Veteran has current diagnoses of internal and external hemorrhoids, anal fissure, and obstructive sleep apnea with routine treatment since July 2011. See December 2018 RAMP higher level review rating decision. 

The question in this case is whether a causal relationship or nexus exists between the Veteran’s active service and his hemorrhoids, rectum and anus condition, and obstructive sleep apnea. 

The weight of the evidence shows that hemorrhoids, a rectum and anus condition, and obstructive sleep apnea are not related to service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service treatment records do not show complaints or treatment for hemorrhoids, a rectum and anus condition, and obstructive sleep apnea. On a January 1986 examination upon separation from service no abnormalities were found. The anus and rectum and lungs and chest were evaluated as normal. Furthermore, and of significant import, the Veteran does not contend that he was treated for these conditions during service. 

In the instant case, the evidence shows that the Veteran was diagnosed with hemorrhoids, a rectum and anus condition, and obstructive sleep apnea many years after service. Post-service treatment records in June 1997 show a history of hemorrhoids, diarrhea, and constipation. The assessment was irritable colon. Private medical records in September 1997 show irritable bowel syndrome. A disability benefits questionnaire (DBQ) examination in August 2014 shows diagnoses of anal fissure and hemorrhoids. The examiner noted that the hemorrhoids and internal fissure have been chronic problems that have been flaring up and have been treated since 2009. There also is an August 2014 DBQ examination that shows a diagnosis of obstructive sleep apnea. 

Under certain circumstances, a lay person is competent to identify a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, in this regard, the file contains no competent medical evidence (private or VA) of an association between the Veteran’s hemorrhoids and service, rectum and anus condition and service, and obstructive sleep apnea and service.

Further, the Veteran has not demonstrated that he is competent to determine the nature and etiology of his hemorrhoids, rectum and anus condition, and obstructive sleep apnea. He also has not shown that his fellow serviceman and friend are competent to determine the nature and etiology of his obstructive sleep apnea. None of these individuals have been shown to possess the requisite medical training, expertise, or credentials needed to render a diagnosis or a competent opinion as to medical causation. Nothing in the record demonstrates that the Veteran received any special training or acquired any medical expertise in evaluating his hemorrhoids, rectum and anus condition, and obstructive sleep apnea. Similarly, the record does not show that the Veteran’s fellow serviceman and friend received any special training or acquired any medical expertise in evaluating his obstructive sleep apnea. While lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issues in this case fall outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). Hemorrhoids, rectum and anus condition, and obstructive sleep apnea are not conditions that are readily amenable to probative lay comment regarding etiology. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Accordingly, the lay statements do not constitute competent evidence and lack probative value. As the lay evidence is not competent, the matter of whether it is credible is not reached. 

The Board notes that no examination was conducted nor is one warranted in conjunction with the service connection claims for hemorrhoids, rectum and anus condition, and obstructive sleep apnea. In this regard, under 38 U.S.C. § 5103A(d), VA’s duty to assist includes providing a claimant a medical examination or obtaining a medical opinion when an examination or opinion is necessary to make a decision on a claim and the claims file contains competent evidence that the claimant has a current disability and indicates that the disability may be associated with the claimant’s service. The types of evidence that indicate that a current disability may be associated with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

Specifically, there is no indication that the Veteran’s hemorrhoids, rectum and anus condition, and obstructive sleep apnea are related to service beyond the conclusory generalized lay statements. In this regard, the Board notes that a mere conclusory generalized lay statement that a service event or illness caused the claimant’s current condition is insufficient to require the Secretary to provide an examination. See Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). The Court has held that VA is not required to provide a medical examination when there is not credible evidence of an event, injury, or disease in service. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). Therefore, the Board finds that VA examinations and/or opinions are not necessary to decide the claims of entitlement to service connection for hemorrhoids, rectum and anus condition, and obstructive sleep apnea. 

For the reasons discussed above the preponderance of the evidence is against the claims for service connection for hemorrhoids, rectum and anus condition, and obstructive sleep apnea and the benefit-of-the-doubt standard of proof does not apply. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

REASONS FOR REMAND

Issues 4-6: Entitlement to service connection for: back disability, to include chronic back strain; headaches; and, right knee disability to include right knee strain. 

The issues of entitlement to service connection for a back disability, headaches, and a right knee disability are remanded to correct duty to assist errors that occurred prior to the Veteran’s election to enter the RAMP program. Based on the evidence associated with the claims file prior to the Veteran’s election into RAMP on July3, 2018, the Board finds that VA examinations are required to determine whether these disabilities are related to service. 

As for the Veteran’s service connection claims for a back disability, to include chronic back strain, and a right knee disability, to include right knee strain, the Veteran contends that these disabilities are secondary to his service-connected left knee disability. See, e.g., January 2014 claim. After service he was diagnosed with degenerative arthritis of the spine, lumbosacral sprain/strain, degenerative arthritic changes in the right knee, chronic right knee strain, and right knee tendonitis/tendonosis. See December 2011 private medical record, April 2014 VA examinations, and December 2014 DBQ examinations. Although there are VA opinions of record included in the April 2014 VA examinations, additional development remains necessary. As for the back disability, the April 2014 VA examination only addressed whether the Veteran’s back disability diagnosed as chronic back strain was caused or aggravated by his service-connected left knee disability. The examiner did not address the etiology of the Veteran’s degenerative arthritis of the spine. Further, a service treatment record in February 1986 shows that the Veteran injured his low back lifting weights and had an assessment of low back strain with paraspinal muscle spasm. As for the right knee disability, the April 2014 VA examination did not include an opinion as to whether the Veteran’s right knee disability was aggravated by his service-connected left knee disability. The examiner also indicated that the claims file was not reviewed. Thus, new VA examinations are necessary to thoroughly address the nature and etiology of the Veteran back and right knee disabilities. 

Lastly, as for the Veteran’s service connection claim for headaches, he contends that his headaches are due to service as a result of an injury during service to the left side of his head when he was knocked to the ground. See January 2014 claim. A service treatment record in March 1985 indicates the Veteran had problems with headaches. A service treatment record in December 1985 shows he was hit in the face and had to be taken to the emergency room. The assessment was contusion above left eye and scrape to lower lip. The Veteran’s fellow serviceman in June 2014 stated that the Veteran told him about the assault during service when he hit his head on an asphalt street. A private medical record in December 2013 shows a diagnosis of headaches. A December 2014 DBQ examination provided a diagnosis of tension headaches, noting that the Veteran reported having tension type headaches since service. As there is no opinion of record addressing the etiology of the Veteran’s headaches, he should be afforded a VA examination that addresses the nature and etiology of his headaches. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for VA examinations by an appropriate clinician to determine the nature and etiology of his back disability and right knee disability. After reviewing the claims folder and examining the Veteran the examiner is asked to do the following: 

a.) In addition to degenerative arthritis of the spine, lumbosacral sprain/strain, degenerative arthritic changes in the right knee, and chronic right knee strain, identify/diagnose any other back and right knee disabilities. 

b.) Opine whether it is at least as likely as not (50 percent or better probability) that any back disability is related to an in-service injury, event, or disease. In rendering the opinion the examiner is asked to consider a service treatment record in February 1986 that shows the Veteran injured his low back lifting weights and had an assessment of low back strain with paraspinal muscle spasm. 

c.) Opine whether it is at least as likely as not (50 percent or better probability) that any back disability and right knee disability was (i) caused or (ii)aggravated by the service-connected total left knee replacement (previously rated as left knee posttraumatic degenerative joint disease with limited flexion and left knee mild laxity). In rendering the opinions the examiner is asked to consider the Veteran’s contentions that he had to shift weight from the left knee to the right knee to maintain balance and had to place more weight on his back due to his bad knees. See May 2015 notice of disagreement. The examiner also is asked to consider a letter from the Veteran’s private doctor in April 2006 that shows he was treated for pain in his knees including in March 1990 and April 1990. 

2. Schedule the Veteran for a VA examination by an appropriate clinician to determine the nature and etiology of his headaches. After reviewing the claims folder and examining the Veteran the examiner is asked to do the following: 

a.) In addition to tension headaches, identify/diagnose any other headache disorder. 

b.) Opine whether it is at least as likely as not (50 percent or better probability) that any headache disorder is related to an in-service injury, event, or disease. In rendering the opinion the examiner is asked to consider a service treatment record in March 1985 that shows the Veteran had problems with headaches as well as a December 1985 service treatment record that shows he was hit in the face and had to be taken to the emergency room. The assessment was contusion above left eye and scrape to lower lip. The examiner also 

 

is asked to consider the Veteran’s fellow serviceman’s statement in June 2014 indicating that the Veteran told him about the assault during service when he hit his head on an asphalt street. 

 

THOMAS OSHAY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Mac, Counsel