Citation Nr: 1602956 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 06-27 033 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for prostate cancer due to ionizing radiation exposure.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Alexander Panio, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1948 to May 1952.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2006 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran testified at a hearing before the undersigned Veterans Law Judge in May 2010. A transcript of those proceedings is of record. In September 2010 the Board remanded this case for further development. 

In September 2010 the Board denied service connection for prostate cancer on any other basis except as due to ionizing radiation and remanded the claim for further development consistent with that theory. The case has returned to the Board for appellate review.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

There preponderance of the evidence of record does not show any indication that the Veteran was exposed to ionizing radiation during service. 


CONCLUSION OF LAW

The criteria for service connection for prostate cancer due to ionizing radiation exposure have not been met. 38 U.S.C.A. §§ 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.311 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a). Proper notice should be provided prior to the initial unfavorable agency of original jurisdiction decision and must inform the claimant of any information and evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

In cases where a Veteran is seeking service connection, VA must provide notice of all five elements necessary to substantiate a service connection claim: 1) veteran status; 2) existence of a disability; 3) a connection between the Veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 484-86 (2006), aff'd, 483 F.3d 1311 (Fed. Cir. 2007). 

August 2005 and November 2009 letters, sent prior to the initial unfavorable rating decision, and before the initial supplemental statement of the case provided the Veteran with appropriate notification. 

VA also has a duty to assist the Veteran in the development of a claim. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and other pertinent treatment records, and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Veteran's VA treatment records have been obtained and considered. The Veteran has been notified that his service personnel records were partially destroyed during a 1973 fire. In cases where a veteran's service records are unavailable through no fault of the claimant, there is a heightened obligation to assist the Veteran in the development of his case. O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); 38 U.S.C.A. § 5107(a); 38 C.F.R. § 3.303(a). VA has requested assistance from the Veteran in reconstructing his personnel records. The Veteran has responded that he has no assistance to give and that his service treatment records should suffice to substantiate his claim. 

No medical opinion was obtained in connection with this claim since, as will be explained below, the record does not indicate that the Veteran was exposed to ionizing radiation during his military service. 38 C.F.R. §§ 3.303, 3.307, 3.309; Waters v. Shinseki, 601 F.3d 1274 (Fed.Cir.2010); Bardwell v. Shinseki, 24 Vet. App. 36, 39 (2010) (The determination as to whether there was an event, injury, or disease in service is a finding of fact for the Board.)

The Veteran has been afforded a hearing before a Veterans Law Judge (VLJ) in which he presented oral argument in support of his claim. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. 

At the hearing the Veteran advanced his contentions concerning how he was exposed to radiation from being stationed in Japan several years following the atomic bomb detonations in World War II. In addition, the VLJ sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked or was outstanding that might substantiate the claim including where the Veteran received treatment. Moreover, neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor has he identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated actual knowledge of those elements. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) and that the claim can be adjudicated based on the current record.

In September 2010 the Board remanded this claim for additional development. There has been substantial, if not full, compliance with the Board's remand directives, insofar as VA solicited lay information from the Veteran regarding his service and personnel records and attempted to obtain evidence of the Veteran's exposure to ionizing radiation. D'Aries v. Peake, 22 Vet. App. 97 (2008); Stegall v. West, 11 Vet. App. 268 (1998).

The Board thus finds that all relevant facts have been properly developed, and all reasonable efforts were made by VA to obtain evidence necessary to substantiate the Veteran's claims. VA's duty to assist the Veteran has been satisfied.

II. Law

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated during active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F. 3d 604 (Fed. Cir. 1996) (table). 

The Board is charged with the duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert. denied, 523 U.S. 1046 (1998); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). Indeed, in Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001), the United States Court of Appeals for the Federal Circuit (Federal Circuit), citing its decision in Madden, recognized that that Board had inherent fact-finding ability. Id. at 1076; see also 38 U.S.C.A. § 7104(a) (West 2002). Moreover, the United States Court of Appeals for Veterans Claims (Court) has declared that in adjudicating a claim, the Board has the responsibility to weigh and assess the evidence. Bryan v. West, 13 Vet. App. 482, 488-89 (2000); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992). 

As a finder of fact, when considering whether lay evidence is satisfactory, the Board may also properly consider internal inconsistency of the statements, facial plausibility, consistency with other evidence submitted on behalf of the Veteran, and the Veteran's demeanor when testifying at a hearing. See Dalton v. Nicholson, 21 Vet. App. 23, 38 (2007); Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996). 

III. Analysis

The Veteran maintains that his prostate cancer could be due to exposure to ionizing radiation during service. The Veteran was stationed in Japan from February 1949 to July 1950 and he contends that he was exposed to ionizing radiation by being stationed near where an atomic blast occurred in 1945. 

Prostate cancer is one of the radiogenic diseases presumptively associated with veterans who participated in a radiation-risk activity. 38 C.F.R. § 3.309(d), 3.311(b)(2). However, the Veteran's service records do not contain any evidence that he participated in any of the radiation-risk activities identified in the regulation. Furthermore, neither the Veteran's service medical records nor available personnel records contain any documentation indicating radiation exposure, as would typically be associated with a radiation-exposed veteran. Finally, the Veteran's contention that he was exposed to ionizing radiation from the Hiroshima or Nagasaki blasts during World War II, when he was not stationed in Japan until nearly five years after the detonations, is unsupported by any scientific evidence in the record and the Veteran as a layperson is not considered competent to opine on his exposure to radiation under those circumstances. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d at 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board").

As there are no records to support the Veteran's claim of radiation exposure, the Board finds that referral to the Under Secretary for Health for preparation of a dose estimate is unnecessary in this case or for an opinion as to whether the Veteran's prostate cancer could be related to that exposure. In these circumstances, a basis upon which to establish service connection for prostate cancer due to ionizing radiation has not been presented, and service connection is not warranted. 38 C.F.R. §§ 3.307, 3.309, 3.311(a)(2)(iii).


ORDER

Entitlement to service connection for prostate cancer due to ionizing radiation exposure is denied.



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals





Department of Veterans Affairs