﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181210-1248
DATE: March 18, 2019

ORDER

Service connection for a fainting disorder is denied.

Service connection for a bilateral arm disorder is denied.

Service connection for a heart condition with an irregular heartbeat is denied.

Service connection for high blood pressure is denied.

Service connection for a bilateral leg disorder, claimed as weakness in the legs, is denied.

Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, bipolar disorder, and anxiety, is denied.

FINDINGS OF FACT

1. At no time during the pendency of the claim does the appellant have a current disability of a fainting disorder, and the record does not contain a recent diagnosis of disability prior to his filing of a claim.

2. A bilateral arm disorder is not shown to be causally or etiologically related to any disease, injury, or incident during service.

3. A heart condition with irregular heartbeat is not shown to be causally or etiologically related to any disease, injury, or incident during service.

4. High blood pressure is not shown to be causally or etiologically related to any disease, injury, or incident during service.

5. A bilateral leg disorder is not shown to be causally or etiologically related to any disease, injury, or incident during service.

6. An acquired psychiatric disorder, to include to include PTSD, depression, bipolar disorder, and anxiety, is not shown to be causally or etiologically related to any stressor, disease, injury, or incident during service.

CONCLUSIONS OF LAW

1. The criteria for service connection for a fainting disorder have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

2. The criteria for service connection for a bilateral arm disorder have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

3. The criteria for service connection for a heart condition with an irregular heartbeat have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

4. The criteria for service connection for high blood pressure have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

5. The criteria for service connection for a bilateral leg disorder have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

6. The criteria for service connection for an acquired psychiatric disorder, to include to include PTSD, depression, bipolar disorder, and anxiety, have not been met. 38 U.S.C. §§ 101(24), 1131, 5107; 38 C.F.R. §§ 3.1(d), 3.6(a), 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the appellant’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The appellant served on active duty for training (ACDUTRA) from January 1977 to April 1977. He selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The appellant timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board notes that the appellant had previously requested a hearing before a Veterans Law Judge in connection with his appeal. However, when he opted-in to the RAMP program, his prior appeal, to include his request for a Board hearing, were considered withdrawn and he was advised of such in an October 2018 letter.

Service Connection

The appellant contends he has a fainting disorder, a bilateral arm disorder, a heart condition with an irregular heartbeat, high blood pressure, a bilateral leg disorder, and an acquired psychiatric disorder related to his period of ACDUTRA. 

A Veteran is a person who served in the active military, naval, or air service and who was discharged or released under conditions other “than dishonorable.” 38 C.F.R. § 3.1(d). The term “active military, naval, or air service” includes: (1) active duty; (2) any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in the line of duty; and (3) any period of inactive duty for training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in the line of duty. 38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a). 

ACDUTRA includes full-time duty performed by members of the National Guard of any State or the Reserve. 38 C.F.R. § 3.6(c). INACDUTRA includes duty other than full-time duty performed by a member of the Reserve or the National of any State. 38 C.F.R. § 3.6(d).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996). 

Pertinent to a claim for service connection, such a determination requires a finding of a current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992). Under applicable regulation, the term “disability” means impairment in earning capacity resulting from diseases and injuries and their residual conditions. 38 C.F.R. § 4.1; see also Hunt v. Derwinski, 1 Vet. App. 292, 296 (1991); Allen v. Brown, 7 Vet. App. 439 (1995); Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018) (the term “disability” as used in 38 U.S.C. § 1110 “refers to the functional impairment of earning capacity, not the underlying cause of said disability,” and held that “pain alone can serve as a functional impairment and therefore qualify as a disability”).

In McClain v. Nicholson, 21 Vet. App. 319, 321 (2007), the United States Court of Appeals for Veterans Claims (Court) held that the requirement of the existence of a current disability is satisfied when a claimant has a disability at the time he files his claim for service connection or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. However, in Romanowsky v. Shinseki, 26 Vet. App. 289 (2013), the Court held that when the record contains a recent diagnosis of disability prior to a claimant filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency.

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as arthritis and cardiovascular-renal disease, to include hypertension, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. However, the advantages of these evidentiary presumptions do not extend to those who claim service connection based on a period of ACDUTRA or INACDUTRA as is the case here. McManaway v. West, 13 Vet. App. 60, 67 (citing Paulson v. Brown, 7 Vet. App. at 469-70, for the proposition that, “if a claim relates to period of [ACDUTRA], a disability must have manifested itself during that period; otherwise, the period does not qualify as active military service and claimant does not achieve Veteran status for purposes of that claim”); Biggins v. Derwinski, 1 Vet. App. 474, 478 (1991); Smith v. Shinseki, 24 Vet. App. 40, 47 (2010).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

1. Entitlement to service connection for a fainting disorder.

At the outset the Board notes that the appellant did not initially claim service connection for a fainting disorder. Rather, the AOJ misread the contention of “weakness in legs, falling often” in his February 2016 application for benefits as “fainting often.” Nonetheless, the appellant still disagreed with the denial of service connection for a fainting disorder in his September 2016 notice of disagreement. However, he does not report, nor does the medical evidence of record show, any symptoms of fainting.

In this regard, the appellant’s service treatment records (STRs) and post-service treatment records are silent for any complaint, treatment, or diagnosis referable to fainting. See e.g. January 1977-April 1977 STRs; December 2013-January 2016 VA El Paso Health Care System Treatment Records. Further, he has not provided any statement, including in his application for benefits as noted above, indicating he has a fainting disorder.

Therefore, the Board finds that, at no time during the pendency of the claim does the appellant have a current diagnosis of a fainting disorder and the record does not contain a recent diagnosis of disability prior to the filing of a claim. Consequently, as there is no current disability of a fainting disorder, service connection for such disorder is not warranted. See Brammer, supra. In reaching this conclusion, the Board recognizes that the appellant is competent to report fainting as it is subjectively observable; however, he has not actually ever done so, nor do his treatment records show such. See Layno v. Brown, 6 Vet. App. 465 (1994).

2. Entitlement to service connection for a right arm disorder.

3. Entitlement to service connection for a heart condition with an irregular heartbeat.

4. Entitlement to service connection for high blood pressure.

5. Entitlement to service connection for a bilateral leg disorder.

6. Entitlement to service connection for an acquired psychiatric disorder, to include to include PTSD, depression, bipolar disorder, and anxiety. 

The appellant’s STRs do not reveal any complaints, treatment, or diagnoses referable to any of the claimed conditions. Notably, his January 1977 entrance examination, performed 2 months before his separation, showed normal blood pressure readings.

Moreover, while the appellant’s post-service treatment records indicate that he has a current diagnosis referable to his claimed disorders, such records do not show, or suggest, that they are related to his military service. See December 2013 El Paso VAHCS Treatment Record (diagnosed major depressive disorder, with onset in 1999 after death of mother); April 2015 El Paso VAHCS Treatment Record (diagnosing bipolar disorder, PTSD from time spent in prison); December 2015 El Paso VAHCS Treatment Record (noting diagnoses of heart irregular, benign essential hypertension, pain in upper limb); March-April 2016 El Paso VAHCS Treatment Record (noting complaints of frequent falls for past 4 months, assessing weakness in lower limbs, noting rotator cuff tear in right shoulder; appellant reporting he has arthritis in his legs and arms); May 2017 El Paso VAHCS Treatment Record (noting the appellant had left rotator cuff repair). Furthermore, the appellant has not provided any information as to how any of his disorders are related to his military service. 

Therefore, the Board finds that an acquired psychiatric disorder, a bilateral arm disorder, a bilateral leg disorder, a heart disorder with irregular beat, and high blood pressure are not shown to be causally or etiologically related to any disease, injury, or incident during service. Therefore, service connection for such disorders is not warranted. 

Conclusion 

In reaching the foregoing determinations, the Board notes that examinations and/or opinions have not been obtained in regard to the appellant’s claims. However, VA is not required to provide a medical examination when there is not credible evidence of an event, injury, or disease in service. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). Additionally, a mere conclusory generalized lay statement that a service event or illness caused the claimant’s current condition is insufficient to require the Secretary to provide an examination. See Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). Consequently, as there is no indication that the appellant has a fainting disorder, or persistent or recurrent symptoms related to fainting, or that his other claimed conditions may be related to any instance of his military service, VA examinations and/or opinions are not necessary to decide the instant claims. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

The Board has also considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the appellant’s claims for service connection for a fainting disorder, a bilateral arm disorder, a heart condition with an irregular heartbeat, high blood pressure, a bilateral leg disorder, and an acquired psychiatric disorder. As such, that doctrine is not applicable in the instant appeal, and his claims must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra.

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Jonathan M. Estes, Associate Counsel