﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190125-9204
DATE: July 30, 2019

ISSUES

1. Entitlement to service connection for a chewing disability.

2. Entitlement to service connection for nerve pain on both sides of the face.

3. Entitlement to service connection for throat irritation and infection. 

4. Entitlement to service connection for a sleep disability, claimed as sleeplessness.

ORDER

Entitlement to service connection for a chewing disability is denied.

Entitlement to service connection for nerve pain on both sides of the face is denied.

Entitlement to service connection for throat irritation and infection is denied.

Entitlement to service connection for a sleep disability, claimed as sleeplessness is denied.

FINDINGS OF FACT

1. A chewing disability was not manifest in service and is not attributable to service.

2. Nerve pain on both sides of the face was not manifest in service and is not attributable to service.

3. Throat irritation and an infection were not manifest in service and are not attributable to service. 

4. The Veteran does not have a chronic sleep disability.

CONCLUSIONS OF LAW

1. A chewing disability was not incurred in or aggravated by service. 38 U.S.C. §§ 1131, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.381, 4.150, 17.161 (2018).

2. Nerve pain on both sides of the face was not incurred in or aggravated by service. 38 U.S.C. §§ 1131, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.381, 4.150, 17.161 (2018).

3. Throat irritation and an infection were not incurred in or aggravated by service. 38 U.S.C. §§ 1131, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.381, 4.150, 17.161 (2018).

4. A sleep disability, claimed as sleeplessness, was not incurred in or aggravated by service. 38 U.S.C. §§ 1131, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 14, 1979 to March 4, 1983, and from March 23, 1983 to March 22, 1987.

This matter is before the Board of Veterans Appeals (Board) on appeal from a March 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. 

As a result of the enactment of the Veterans Appeals Improvement and Modernization Act of 2017 (Public Law 115-55), the Department of Veterans Affairs is required to change its current appeals process. Under the authority of Public Law 115-55, VA created the Rapid Appeals Modernization Program (RAMP) to provide Veterans with the earliest possible resolution of their claims. In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2018).

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015, cert denied, U.S.C. Oct. 3, 2016) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

The Board has reviewed all of the evidence in the Veteran’s claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board’s analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-130 (2000).

Service Connection

To establish service connection a Veteran must generally show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “Chronic.” When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303 (b). 

In the VA benefits system, dental disabilities are treated differently from medical disabilities. VA regulations provide that treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease will be considered service-connected solely for the purpose of establishing eligibility for outpatient dental treatment, not for compensation purposes. 38 C.F.R. § 3.381 (a) (2018). The exceptions to this general rule are listed under 38 C.F.R. § 4.150, Diagnostic Codes 9900 through 9916. Missing teeth may be compensable for rating purposes only where there is bone loss through trauma or disease such as osteomyelitis. See 38 C.F.R. § 4.150, Diagnostic Code 9913 (2018). However, the Note immediately following states that “these ratings apply only to bone loss through trauma or disease such as osteomyelitis and not to the loss of the alveolar process as a result of periodontal disease, since such loss is not considered disabling.” Id. 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) defines “service trauma” as “an injury or wound produced by an external physical force during the service member’s performance of military duties.” This definition may encompass unintended results of treatment due to medical malpractice; however, it excludes the intended result of proper medical treatment. Nielson v. Shinseki, 607 F.3d. 802, 808 (Fed. Cir. 2010).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154 (a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Lay evidence cannot be determined not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran’s lay statements. Id. The Board, as fact finder, is obligated to, and fully justified in, determining whether lay evidence is credible in and of itself, i.e., because of possible bias, conflicting statements, etc. Id. Further, a negative inference may be drawn from the absence of complaints for an extended period. See Maxson v. West, 12 Vet. App. 453, 459 (1999), aff’d sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

1. Entitlement to service connection for a chewing disability

2. Entitlement to service connection for nerve pain on both sides of the face

3. Entitlement to service connection for throat irritation and infection

The Board incorporates its discussion from the sections above by reference.

By way of background, the Service Treatment Records (STRs) include a notation of a #22 area amalgam tattoo from May 1979. Additional dental treatment records span mid-1979 to 1980. In a December 1982 Report of Medical History, the Veteran wrote, “I feel good today. I am on no medication and I’m not allergic to anything to my knowledge.” The Veteran denied ear, nose, or throat trouble, severe tooth or gum trouble, head injury, chronic cough, and frequent trouble sleeping. The December 1982 Report of Medical History shows that the Veteran denied ear, nose, or throat trouble, severe tooth or gum trouble, head injury, chronic cough, and frequent trouble sleeping. A March 28, 1983 notation shows that the Veteran reported that a tooth was extracted in approximately November 1990. Fillings were placed during the same visit, after the extraction. Another related March 28, 1983 STR shows #24 rotated. From the next period of active service, the February 1987 Report of Medical Examination from separation disclosed a clinically normal evaluation of the head, face, neck and scalp, nose, mouth and throat, and neurologic system. After separation, a March 1990 Report of Medical Examination disclosed a clinically normal evaluation of the head, face, neck and scalp, nose, mouth and throat, lungs and chest, and neurologic system. In a December 1990 Dental Health Questionnaire, the Veteran denied sinus problems and persistent cough. It shows no dental complaints or treatment.

Years later, a March 2015 VA Provider Follow-Up Note in the VA treatment records shows that the Veteran presented with complaints of hip pain. In the section for Review of Systems, the physician found:

Facial movement symmetric, No facial tenderness, Pupils equal, round and reactive to light and accommodation in both eyes, Extraocular movements smooth, no nystagmus, No oral lesions, No pharyngeal redness, swelling, or discharge, No thyroid enlargement or tenderness, No lymph node enlargement or tenderness, Tympanic membrane gray/translucent.

The neurologic system was within normal limits in all extremities. Additional VA treatment records show a history of facial surgery in 2009 due to the Veteran’s head hitting the dash board. He has metal plates in his head.

In September 2016, the Veteran filed his claims for service connection for “dental tooth removed leaving complications, nerve pain, tooth decay and gum pain, mistaken dental procedure performed navy, sleeplessness, chewing disorder and talking disorder, and throat irritation and infection.” The Veteran described that dental work was done during recruit training. He was told to report for a dental appointment and did not know that the appointment would result in the extraction of teeth that should not have been pulled, or were pulled sooner than they should have been. The dental work performed that day left him with future gum aggravation, swelling, pain, cavities, separation gap, infection abcess, and the loss of two teeth. As a result, he requires extra hygiene, care, and pain medication.

A September 2016 Oral and Dental Conditions Disability Benefits Questionnaire (DBQ) shows that the Veteran had Gross Dental Caries, with a date of diagnosis of July 19, 2016. It was signed in August 2016 by Dr. A. G. S.

In January 2017, VA received December 2017 treatment records from Kool Smiles. They show impressions of dental pain, facial caries, dental abcess, and other dental disability from 2016. Prescriptions included pain medication and amoxicillin. 

Next, the Veteran filed a timely March 2017 Notice of Disagreement (NOD). He listed the issues of service connection for throat irritation and infection, neck pain on both sides of the face, a chewing disorder, and sleeplessness. He described that the was ordered by superior staff in service to report to a medical facility for a procedure that he did not question at the time. He thought this would be minor. It turned out his wisdom teeth were to be removed because they would give him problems later on. The procedure took place in 1979 at the Naval Recruit Training Center (RTC) in Great Lakes, Illinois. He later noticed two more teeth growing beyond the area where the medical technician had pulled the wisdom teeth. They formed a gap separating from the other bottom teeth. Being long, they caused his last two upper teeth to chip, and he developed gum problems in the upper and lower back areas of his mouth. The gap from where the teeth were pulled is now a food trap. He pays attention to it, but this is not easy to brush because of the distance and location. His teeth require frequent care and cleaning. 

In January 2019, the Veteran elected additional review under RAMP in the direct Board review lane, indicating that he had no additional evidence or a hearing request.

The Veteran contends that he is entitled to service connection for a chewing disability, nerve pain on both sides of the face, and a throat irritation and infection. 

The Veteran is competent to provide evidence of that which he experiences, including his symptomatology and medical history. Layno v. Brown, 6 Vet. App. 465, 469 (1994). The Veteran is competent to report dental pain, difficulty chewing, throat irritation, and a gap between his teeth.

The Veteran is competent to relate what he has been told by a professional. He is competent to report when he began receiving treatment for the teeth, and that he was told he needed a tooth extraction by treatment providers. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The most probative evidence is the contemporaneous treatment records, including the STRs. A review of the Veteran’s STRs does not reflect any dental disability, including due to trauma. In a December 1982 Report of Medical History, the Veteran wrote, “I feel good today. I am on no medication and I’m not allergic ot anything to my knowledge.” The Veteran denied ear, nose, or throat trouble, severe tooth or gum trouble, head injury, chronic cough, and frequent trouble sleeping. In a December 1990 Dental Health Questionnaire, the Veteran denied sinus problems and persistent cough. It shows no dental complaints or treatment. A March 1990 Report of Medical Examination disclosed a clinically normal evaluation of the head, face, neck and scalp, nose, mouth and throat, and neurologic system. Additional treatment records prior to separation do not show that any chronic dental abnormalities, including a related nerve pain disability.

Apart from the Veteran’s lay assertions, which we have considered, the record shows diagnostic impressions and treatment for dental disability in July 2016, several years removed from separation. This multi-year gap after service provides highly probative evidence against these claims. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (indicating that “evidence of a prolonged period without medical complaint can be considered, along with other factors concerning the [V]eteran’s health and medical treatment during and after military service, as evidence of whether a pre-existing condition was aggravated by military service”). 

The Board further observes that the Veteran has not been provided with a VA examination and request for a medical opinion on the issue of direct causation for the contended dental disorders. However, the evidence does not establish that the Veteran suffered “an event, injury or disease in service” that qualifies for VA compensation, so it is not necessary to obtain a VA medical opinion with regard to etiology. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). The Court has held that VA is not required to provide a medical examination when there is not credible evidence of an event, injury, or disease in service. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). Additionally, a conclusory generalized lay statement that service event or illness caused the claimant’s purported disability is insufficient to require the Secretary to provide an examination. See Waters v. Shinseki, 601 F.3d 1274, 1278 (2010).

In short, the Veteran does not have a current chronic dental disability, including a chewing disability, nerve pain on both sides of the face, and a throat irritation and infection for VA disability compensation purposes. Although he has asserted that he suffered from residuals of tooth extraction in service, the record, including the Veteran’s lay statements, do not indicate that he has bone loss through trauma or disease, such as osteomyelitis that is attributable to service. See 38 C.F.R. § 4.150, Diagnostic Code 9913. As noted above, treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease are not to be considered service connected for compensation purposes. 38 C.F.R. § 3.381 (a). There is no probative evidence to the contrary, and the Veteran has not shown any trauma in service such as being shot or struck, outside of the medical care he endorsed receiving, although he disagrees with its medical necessity. Additionally, the most probative evidence establishes that any residuals resolved by separation. We also note other factors. There is no doubt to resolve. Consequently, service connection for a chewing disability, nerve pain on both sides of the face, and a throat irritation and infection is not warranted.

4. Entitlement to service connection for a sleep disability, claimed as sleeplessness

The Board incorporates its discussion from the sections above by reference.

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110, 1131; see Degmetich v. Brown, 104 F. 3d 1328, 1332 (1997) (holding that interpretation of sections 1110 and 1131 of the statute as requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary). In the absence of proof of a current disability, there can be no valid claim. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The Veteran is competent to report feeling tired and having difficulty sleeping. Layno, supra.

The most probative evidence is the contemporaneous treatment records, including the STRs. The STRs do not contain complaints, treatment, or diagnosis for a sleep disability. Related to the in-service event of tooth extraction, the Veteran later denied frequent trouble sleeping in the December 1982 Report of Medical History. Years later, a March 1990 Report of Medical Examination similarly disclosed a clinically normal evaluation of the head, face, neck and scalp, nose, mouth and throat, lungs and chest, and neurologic system. There is no probative evidence diagnosing a sleep disorder, and no evidence of a nexus (link) between any diagnosed sleeping disability and service. 

A grant of service connection is therefore foreclosed for a sleep disability, claimed as sleeplessness, because the evidence fails to disclose a competent diagnostic impression of disability. Put differently, we find the lack of objective medical evidence as to the existence and diagnosis for a disability manifested by sleeplessness to be highly probative. There is no doubt to resolve. Consequently, service connection for a sleep disability, claimed as sleeplessness, is not warranted. 

The Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

(Continued on the next page.) 

 

In reaching these conclusions, the Board finds that the preponderance of the evidence is against the claims. As such, the benefit of the doubt rule is not for application, and the claims must be denied. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

MICHAEL A PAPPAS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Bodi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.