﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200211-66430
DATE: May 29, 2020

ORDER

Entitlement to service connection for a mood disorder due to chronic pain syndrome, to include as secondary to service-connected obstructive sleep apnea, is denied. 

FINDING OF FACT

The Veteran’s mood disorder due to chronic pain syndrome is not shown to be causally or etiologically related to any disease, injury, or incident during service, and is not caused or aggravated by a service-connected obstructive sleep apnea.

CONCLUSION OF LAW

The criteria for service connection for mood disorder due to chronic pain syndrome, to include as secondary to service-connected obstructive sleep apnea, are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Air Force from June 1984 to December 2005. 

This matter comes before the Board on appeal from a May 2017 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Wilmington, Delaware.

In February 2020, the Veteran submitted a VA Form 10182 and requested review of his claims under the Direct lane. Under this lane, the Board of Veterans’ Appeals (Board) reviews the same evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to opt-into AMA.

Service Connection

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be granted for a disability that is proximately due to, or aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310. Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439 (1995).

The Veteran contends that his mood disorder due to chronic pain is caused by his service-connected obstructive sleep apnea. Direct service connection has not been alleged by the Veteran but was considered by the AOJ. Hence, the Board will consider both theories of entitlement herein.

With regards to secondary service connection, the Veteran submitted a private etiology opinion. In a December 2016 Disability Benefits Questionnaire (DBQ) report, the examiner opined that it was at least likely than not (with a 50 percent probability or greater) that the Veteran has developed chronic pain related to his increased body jerking, which is directly caused by his service-connected condition. However, the examiner did not provide further explanation or rationale. The examiner recorded the Veteran’s symptoms but provided no rationale as to how the symptoms are related to his claimed condition. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (“[A]medical opinion... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions”). It is therefore afforded little, if any, probative weight.

In contrast, a May 2017 VA examiner, a psychologist, opined that the Veteran’s claimed condition was less likely than not (less than 50 percent probability) proximately due to or the result of his service-connected obstructive sleep apnea. The examiner noted that the May 2006 VA compensation examination mentioned the Veteran had great improvement with his obstructive sleep apnea while using his CPAP, that he denied having fever and night sweats and there was tremendous improvement in his daytime somnolence. The examiner further notes that the Veteran was working full-time, that he did not lose work due to his condition and that there was no mention of body jerking in that report. Moreover, the VA examiner explained that the claim that the Veteran’s body jerking from his obstructive sleep apnea was causing chronic pain was unusual and vague because he does not specify where he was experiencing the pain and it does not seem to have a specific diagnosis. The examiner notes that nowhere in his file does the Veteran mention body jerking except through his statements and his private examiner’s opinion. Moreover, the VA examiner questioned the competency and credibility of the private examiner as the examination was conducted over the telephone. The VA examiner comments that the specific symptoms that were marked on the private examination generally need to be visually observed and that the private examiner did not provide evidence of some symptoms that were included in her notes. The VA examiner also noted that the Veteran had no history of mental health treatments nor pain management treatments, considering the severity of his claim and that the Veteran has not submitted any current obstructive sleep apnea assessments and how it has currently affected him as obstructive sleep apnea is commonly effectively treated often alleviating many symptoms and effects. Lastly, the VA examiner notes that the obstructive sleep apnea was not a condition that causes pain. Overall, this opinion offered clear conclusions with supporting data as well as reasoned medical explanations. See Nieves-Rodriguez v. Peake, supra; Stefl v. Nicholson, supra. This opinion carries great probative weight.

With regards to direct service connection, the service treatment records are silent for any complaints, diagnosis, or treatment of a mood disorder due to chronic pain. Post-service records indicate the first complaint of mood disorder in December 2016. There is no evidence that a chronic mood disorder was manifest within a year of separation from service.

The Board acknowledges that the Veteran has not been afforded a VA examination that addresses the direct service connection. However, the Board finds that such an examination is not required. In this regard, in determining whether the duty to assist requires that a VA medical examination be provided, or medical opinion obtained with respect to a Veteran’s claim for benefits, there are four factors for consideration. These four factors are: (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the Veteran’s service or with another service-connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). With respect to the third factor above, the United States Court of Appeals for Veterans Claims (Court) has stated that this element establishes a low threshold and requires only that the evidence “indicates” that there “may” be a nexus between the current disability or symptoms and the veteran’s service. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Veteran’s service treatment records do not reflect complaints, treatments or diagnoses related to a chronic mood disorder. Further, the evidence does not indicate that his current chronic mood disorder may be related to his military service. See McLendon, supra. In this regard, the Veteran himself has not advanced such a theory and has alleged secondary service connection only. A mere conclusory generalized lay statement that service event or illness caused the claimant’s current condition is insufficient to require the Secretary to provide an examination. See Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). The Court has held that VA is not required to provide a medical examination when there is not credible evidence of an event, injury, or disease in service. See Bardwell v. Shinseki, 24 Vet. App. 36 (2010). Therefore, the Board finds that a VA examination and/or opinion is not necessary to decide the claim for service connection for a chronic mood disorder on a direct basis.

In February 2020, the Veteran submitted statements explaining that his service-connected obstructive sleep apnea caused unconscious jerking motions for over the past 15 years that has led to chronic muscle and joint pain, which has elevated his anxiety. He further states that the causation between obstructive sleep apnea and chronic pain has been well documented in the medical field. Similarly, the Veteran’s wife submitted a statement indicated that the Veteran’s sleeping disorder has caused unconscious body jerking, which has caused him severe joint and muscle pain since at least 2004. She further states that after his obstructive sleep apnea diagnosis, he has experienced anxiety, worry and fear about the disease and how it impacts his overall health and life expectancy. 

Generally, the Veteran is competent to report the type of symptoms he experienced in and after service and the Veteran’s wife is competent to report the types of symptoms she observed, as this is observable through the five senses. See Layno v. Brown, 6 Vet. App. 465 (1994). However, a determination as to the appropriate diagnosis of the psychiatric symptoms, and the etiology thereof, is a complex medical determination which goes beyond lay observation of symptoms. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007); see also Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (explaining that while the claimant is competent in certain situations to provide a diagnosis of a simple condition such as a broken leg or varicose veins, the claimant is not competent to provide evidence as to more complex medical questions). Specifically, where the determinative issue is one of medical causation, only those with specialized medical knowledge, training or experience are competent to provide evidence on the issue. See Jones v. Brown, 7 Vet. App. 134, 137 (1994). In this regard, the question of causation involves a medical subject concerning an internal process extending beyond an immediately observable cause-and-effect relationship and requires the administration and interpretation of diagnostic testing. In the instant case, there is no suggestion that the Veteran and/or his wife has had any medical training. As such, the question of etiology in this case may not be competently addressed by lay evidence and the opinions of the Veteran and/or his wife are nonprobative evidence.

In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran’s claim of entitlement to service connection for a mood disorder due to chronic pain syndrome, to include as secondary to service-connected obstructive sleep apnea. As such, that doctrine is not applicable in the instant claim and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Adeyemi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.